UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEZ DELANO BAKER

        Petitioner,               CASE NUMBER: 10-10774
                                              HONORABLE VICTORIA A. ROBERTS
                                              Magistrate Judge Paul J. Komives

v.

NICK LUDWICK,

        Respondent.
_____/

## ORDER

On June 14, 2011, this Court issued an Order Adopting Magistrate Judge Paul Komive's Report and Recommendation ("R & R"), denying (1) Petitioner Montez Baker's application for a writ of habeas corpus and (2) a certificate of appealability. (Doc. 12). On July 11, 2011, Petitioner moved for a certificate to appeal the Court's order denying habeas relief and to proceed *in forma pauperis* ("IFP") on appeal. (Docs. 15 and 16).

In its June 14 Order, the Court expressly declined to issue a certificate of appealability. Thus, Petitioner's Motion for Issuance of Certificate of Appealability will be treated as a motion to reconsider that decision. The Court will only reconsider a prior ruling if the movant shows "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled [and] that correcting the defect will result in a different disposition of the case." E.D. MICH. LR 7.1 (h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich. 2002).

1

If the moving party "merely present[s] the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication," the Court will deny the motion for reconsideration.  E.D. MICH. LR 7.1(h)(3).

Petitioner does not establish that the Court was misled by a palpable defect.  Instead, he re-hashes the arguments made in his original habeas petition and says he made a substantial showing of the denial of a constitutional right.  The Court fully considered Petitioner's constitutional claims on *de novo* review of the portions of the R & R objected to.  The Court determined he was not entitled to a certificate of appealability, adopting the magistrate's determination that he did not make a substantial showing of the denial of a constitutional right and reasonable jurists would not find debate the Court's resolution of his claims.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court **DENIES** Petitioner's motion for reconsideration.

Petitioner also seeks to proceed IFP on appeal.  Although the Court declines to issue a certificate of appealability, the Court of Appeals may do so, FED. R. APP. P. 22(b)(1), and Petitioner may be entitled to IFP status.  *See generally Jennings v. United States*, 472 F.Supp.2d 1067, 1070 (S.D. Ill. 2006) (courts sometimes grant IFP status even where they deny a certificate of appealability).

However, the statute requires Petitioner to submit an affidavit that includes a statement of his assets, and which states the nature of the appeal and his belief that he is entitled to redress.  *See* 28 U.S.C. § 1915(a)(1).  He did not do this.  He also failed to state the issues he intends to present on appeal.  *See* FED. R. APP. P. 24 (a)(1)(C).  Petitioner is ordered to **SHOW CAUSE by Monday, September 26, 2011** why he is

entitled to proceed IFP on appeal. His response must include a statement of all assets, claim an entitlement to redress, and state the issues he intends to present on appeal.

To conclude, the Court **DENIES** Petitioner's motion to reconsider its order denying a certificate of appealability, and orders Petitioner to **SHOW CAUSE** why the Court should not also deny his motion to proceed IFP on appeal.

**IT IS ORDERED.**

                                      s/Victoria A. Roberts
                                      Victoria A. Roberts
                                      United States District Judge

Dated: July 25, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and Montez Delano Baker by electronic means or U.S. Mail on July 25, 2011.
>
> s/Linda Vertriest
> Deputy Clerk